UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:      Flessas, Robert and Laurie      Chapter 13
        Debtor      Case No.

*CHAPTER 13 PLAN* .

This plan contains special provisions set out in Section 9A below.

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim. IN THE EVENT THERE IS A CONFLICT BETWEEN THE AMOUNT TO BE PAID TO A CREDITOR THROUGH THIS PLAN AND THE CLAIM FILED BY THE CREDITOR THE DEBTOR WOULD LIKE THE CLAIM FILED BY THE CREDITOR TO BE HONORED AND PAID THROUGH THE PLAN.

Debtor or Debtors (hereinafter call "Debtor") proposed this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtors will pay the sum of **$1,077.00 bi-weekly from Mrs. Flessas paycheck with** to Trustee by [x] Payroll Deduction(s) or by [x] Direct Payment(s) for the applicable commitment period of **60 months**, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed 60 months from date of confirmation. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan.

Mrs. Laurie Flessas will pay $1,077.00 as a payroll order from her employment with:

Northwestern Mutual Life
720 E. Wisconsin Ave.
Milwaukee, WI 53202

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

(A). **Trustees' Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee, not to exceed 10% of funds received for distribution.

(B). **Debtor Attorney Fees.** The total attorney fee as of the date of filing the petition is $3,000.00 . The amount of $00.00 was paid prior to the filing of the case. The balance of $3,000.00 will be paid by whatever funds are available from the Chapter 13 Trustee.

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   _x_ None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   __x__ None; or

   | (a) Creditor (Name and Address) | (b) Estimated arrearage claim | (c) Projected monthly arrearage payment |
   |---|---|---|
   | | | |
   | | | |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   X_ None; or

Claimant and proposed treatment:_____

(B). **Other Priority Claims (e.g., tax claims)**. These priority claims will be paid in full, but will not be funded until all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated claim |
|---|---|
| Waukesha County - Property Taxes on Homestead located on Woodland Drive | $3,700.00 |
|  | . |

6. **Secured Claims.**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Trustee shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. No payment will be made by the Trustee without a filed proof of claim.

   Debtor shall make the following adequate protection payments:

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
| American General Finance | 1997 Lexus | $100.00 |
| GE Financial | ATV Bombadier | $50.00 . |

   (ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c). No payment will be made by the Trustee without a

filed proof of claim.

(a). **Claims to Which 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the claim of the creditor with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

\_\_\_x\_\_ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Estimated claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| | | | | | |

(b). **Claims to Which 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim pro rata as stated in column (f) and based the estimated replacement value and the amount of the claim as filed by the creditor. Interest will be paid at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below, or as modified, will be binding unless a contrary proof of claim is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

\_ None; or

| (a) | (b) | (c) | (d) | (e) | (f) |
|---|---|---|---|---|---|

| Creditor | Collateral | Purchase date | Estimated Replacement value | Interest rate | Monthly payment |
|---|---|---|---|---|---|
| American General Finance | 1997 Lexus | 2/21/2006 | $3,500.00 | 6.25% | pro rata. |
| GE FINANCIAL | ATV BOMBADIER | 2/2005 | $5,000.00 | 6.25% | pro rata. |

(c). **Other provisions.**

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, **are due beginning the first due date after the case is filed** and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim until paid in full.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage |
|---|---|---|
| Waterstone Bank | Homestead located on Woodland Drive | $25,000.00 |
| | | |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession /foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon, or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| Citi Mortgage (2nd Mortgage) Washington Mutual (1st Mortgage) | 17520 West Wisconsin Ave |
| Jentges Enterprises | .21360 Davidson Road |

7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is **$100,000.00** After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a **pro rata share of 80%,** whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

    Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

    \_\_\_\_ None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| US BANK | Auto Lease Toyota Sequoia | $650.00 | None, Lease is up as of November 1, 2008 and debtor will return the the vehicle at that time |
|  |  |  |  |

9. **Property of the Estate.** Property of the estate shall revest in Debtor

    ☐ upon confirmation
    ☐ upon discharge
    ☐ other

    (A). **Special Provisions.** Notwithstanding anything to the contrary set forth above, the Plan shall include the provisions set forth below. **The provisions will not be effective unless there is a check in the notice box preceding Paragraph 1 of this plan.**

> Debtors are over medium income and will not commit ½ of her net tax refunds to the trustee each year that they are in the chapter 13 plan.
>
> Debtor will surrender Wisconsin Ave. Property and Davidson property to satisfy priority debt for property taxes owed to Waukesha County..
>
> .
>
> In the event there is a conflict between the estimated AMOUNT of a claim as stated in the Debtor (s) Chapter 13 plan and the claim as filed by the creditor then the AMOUNT stated in the creditors claim shall rule and the Creditor's claim AMOUNT will be paid through the Chapter 13 plan.

☐ Special provisions continue to overflow page.
(B). Special classes of unsecured claims.

(C). Other direct payments to creditors.

10. Avoidance or Limitation of Liens

   The debtor proposed to avoid or limit the liens of the following creditors:

   Creditor:
   Creditor:
   Creditor:

   Liens will not be avoided until the appropriate motion has been filed and order has been entered by the court or the appropriate adversary proceeding has been filed and judgment has been entered by the court.

11. Modification. Debtor may file a modification of this plan that is not materially adverse to Creditor(s) without providing notice to Creditor(s) if the Chapter 13 Trustee determines that said modification is not materially adverse to said creditor(s).

Date: October 1, 2008

/s/ Flessas, Robert and Laurie
Debtor

/s/ James L. Miller
Debtor's Attorney